# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50635
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2026

Lyle W. Cayce
Clerk

ROBERT PHILLIPS,

*Plaintiff—Appellant*,

*versus*

TEXAS WORKFORCE COMMISSION, *Chairman Commissioner*; CHESLEY ELKINS, *Supervisor, COS in Texas*; TIMOTHY THOMAS, CLIENT; AUDREY THOMAS, *Individual Capacity and Official Capacity*; BRYAN DANIEL, *Individual Capacity and Official Capacity*; ALBERTO TREVINO, *3, Individual Capacity and Official Capacity*; JOE ESPARZA, *Individual Capacity and Official Capacity*; EDWARD SERNA, *Individual Capacity and Official Capacity*; ASHLEY HOWARD, *Individual Capacity and Official Capacity*; CONSUMER DIRECTED SERVICES IN TEXAS VETERANS, *Individual Capacity and Official Capacity*; MELVIN LNU,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-276

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

## I.

In March 2025, Robert Phillips, proceeding pro se and informa pauperis, filed this suit against the Texas Workforce Commission ("TWC") and related defendants alleging that he was wrongfully terminated in May 2023, by his supervisors, Chesley Elkins and Audrey Thomas ("Audrey"). Phillips claims that although he was told that he was terminated for using drugs, he was actually fired for refusing to purchase crack cocaine for Audrey's father, Timothy Thomas ("Timothy"). Phillips states that he filed claims with the TWC for unemployment benefits, discrimination, and whistleblower retaliation but his claims were denied. He further states that the TWC granted his "wage claim" but he never received his check. Finally, Phillips alleges that Timothy told him (with Elkins and Audrey present) that he had hired his brother Melvin to shoot Phillips for $1,500–$3,000. Phillips claims that subsequently in June 2023, Melvin attacked him on a bus, "str[iking] him twice in the back and once in the neck with an unknown metal object" and threatened to shoot him later.

In Phillips' original complaint, he asserted three claims: (1) violation of 42 U.S.C. § 1981; (2) violation of § 247.068 of the Texas Health and Safety Code; and (3) wrongful termination in retaliation for whistleblowing. Upon reviewing Phillips' complaint, the magistrate judge determined that he had failed to state a plausible claim for relief under any of the listed statutes and further failed to allege that his termination was caused or motivated by his race or any other protected characteristic or activity. Instead, he merely claimed that he was terminated for his refusal to purchase crack cocaine.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50635

Accordingly, the magistrate judge afforded Phillips an opportunity to amend his complaint.

In his amended complaint, Phillips added several defendants, reasserted his whistleblower claim from his original complaint (but not his other two claims), and further alleged that: (1) he was a state employee; (2) he was threatened by Timothy but Elkins never reported it; (3) he is African American; (4) Ashley Howard was "responsible for making sure [he] receive[d] his paycheck" after the TWC found in his favor on his wage claim; (5) the TWC deprived him of due process by failing to give him a right-to-sue letter or investigate his discrimination and whistleblower retaliation claims; (6) the TWC determined that Consumer Directed Services in Texas Veterans ("CDS") violated the "Texas Payday Law" which entitled Phillips to $1,438.38 in unpaid wages; (7) Elkins and CDS violated § 331.003–.005 of the Texas Health and Safety Code, based on the workplace violence Phillips alleges he was subjected to by Timothy; (8) Timothy's brother Melvin violated § 22.01 of the Texas Penal Code for assault; and (9) Howard violated his due process rights for withholding his paycheck.

## II.

The magistrate judge issued a report and recommendation ("R&R") dismissing as frivolous Phillips' civil rights/due process, whistleblower, Texas Penal Code, and workplace violence retaliation claims. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to Phillips' due process/civil rights claims, the magistrate judge explained that the Eleventh Amendment barred his suit against the TWC and his claims against Howard failed because she was not responsible for ensuring that Phillips received his paycheck. *See* 28 U.S.C. § 1915(e)(2)(B). As for his whistleblower claim, the magistrate judge determined that his allegations failed to plausibly satisfy the reporting element of his claim. The magistrate judge further explained that Phillips'

Texas Penal Code claim failed because the Code did not provide a private cause of action for his alleged assault. The magistrate judge then reasoned that Phillips' workplace violence retaliation claims failed because there was no private cause of action provided under the applicable statutory law. Finally, the magistrate judge dismissed as abandoned Phillips 42 U.S.C. § 1981 claim and alternatively, for failure to assert a protected ground under the statute.

Phillips timely objected to the magistrate judge's R&R and also sought to strike it completely. Upon conducting a clear error review, the district court denied Phillips' motion to strike for failure to object to a specific finding or recommendation of the magistrate judge. The district court dismissed as untimely Phillips' attempt to file "amended objections" to the magistrate judge's R&R. The district court then adopted in full the magistrate judge's R&R and dismissed Phillips' suit for failure to state a plausible, non-frivolous claim. Phillips appealed.

## III.

On appeal, Phillips reasserts his civil rights, due process, unpaid wages, and Texas Penal Code claims and further contends that the "judge was being prejudice and bias against" him in the proceedings below. In terms of relief, Phillips seeks costs, unpaid wages in the amount of $1,438.38, injunctive relief, punitive and actual damages, and attorney fees. Defendants have not filed a brief in response.

"When a district court dismisses a complaint both as frivolous and as failing to state a claim under §§ 1915(e)(2)(B)(i) & (ii), we review the dismissal de novo." *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam). After reviewing the record, the applicable law, and considering Phillips' arguments as briefed on appeal, we agree that he fails to assert any plausible, non-frivolous claims. *See* 28 U.S.C. § 1915(e)(2)(B). Thus, for the

No. 25-50635

reasons stated in the district court's judgment adopting the magistrate judge's R&R, we AFFIRM.